IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PATRICK JONES                                                                                      PLAINTIFF

v.                                                      CIVIL ACTION NO: 3:15CV135-MPM-SAA

LANTER DELIVERY SYSTEMS INC. and
JOHN DOE EMPLOYEE                                                                          DEFENDANTS

## ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DESIGNATION OF E.C. DAVEN

Defendant has moved to strike plaintiff's expert witness designation of E. C. Daven. Docket 46. Plaintiff has not responded to the motion, and the time for a response has expired. The court has reviewed the Motion to Strike and Memorandum of Law (Docket 47), the Good Faith Certificate (Docket 48), and Plaintiff's Designation of Experts (Docket 50), and concludes that the Motion to Strike the designation of E. C. Daven should be GRANTED.

Mr. Dave apparently owns Safety Services, Inc. The expert designation submitted by plaintiff does not even come close to complying with Federal Rule of Civil Procedure 26. Mr. Daven's "report," after "review[ing] a brief description of this accident," is as follows:

> The opinions I offer will based [sic] on the following information:
> 1. OSHA Standards contained in 29CFR 1910.178
> 2. ANSI Standards contained in ANSI B56.1
> 3. Training documents utilized in forklift training
> 4. Safe work practices while operating forklift
> 5. Safe practices listed in majufactures [sic] operating manual.

Docket 50, p. 13. Clearly, this "report" does not contain a complete statement of all opinions he will express, or even *any* opinions he will express, nor does it provide the basis and reasons for those opinions as required by Rule 26(a)(2)(B)(i). Although the body of the expert designation

prepared by plaintiff's counsel provides some very general subjects and topics that Mr. Daven might be addressed by Mr. Daven, the expert designation does not address the actual opinions Mr. Daven will provide. *Id.* Further, Mr. Daven's report does not contain any of the facts or particular data he considered in formulating the unidentified opinions as required by FED. R. CIV. P. 26(a)(2)(B)(ii), and it fails to identify the exhibits that will be used to summarize or support his opinions as required by Fed. R. Civ. P. 26(a)(2)(B)(iii). *Id.* Instead, the report simply states that the "opinions will be based on the information provided as of this date." *Id.*

The purpose of the mandatory disclosure requirement of Rule 26 is to ensure that the parties are not surprised by new witnesses, exhibits or other evidence on the eve of trial. Specifically, "[t]he purpose of Rule 26(a) is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Guthrie v. Quitman County Hosp., LLC*, 2014 U.S. Dist. LEXIS 183160, *6 (N.D. Miss. Oct. 27, 2014). RULE 26(a)(2) requires a party to disclose very particular information including, among other things, the identity of any expert witness it may use at trial and a written, signed report from the expert. In addition, Local Uniform Civil Rule 26(a)(2) requires that

> [a] party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order . . . . Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. . . .
>
> > (B) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.

The Fifth Circuit has set out the following four factors that a district court must consider

when determining whether to strike a witness. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996):

> (1) the explanation, if any, for the party's failure to comply with the . . . order;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the importance of the witnesses' testimony.

*Id.*

Plaintiff clearly has not complied with FED. R. CIV. P. 26(a)(2) in that he has not provided a report written and signed by Mr. Daven that contains the three most critical components of the designation. Plaintiff's expert designation was lacking even after a one-month extension of the expert designation deadline. Docket 31. Considering the first *Barrett* factor, plaintiff has provided no explanation for his failure to properly designate Mr. Daven as he completely failed to respond to the Motion to Strike. Further, defendant is prejudiced by this failure, because it is unable to obtain any rebuttal testimony from its own experts if it does not know the facts known and opinions held by plaintiff's expert.

Granting a continuance in this matter would not cure plaintiff's defective expert designation because it does not appear that plaintiff's expert has actually formulated any opinions regarding plaintiff's claims, and defendant's deadline to designate experts was May 20, 2016. If a continuance were granted, defendant would have to be given additional time to designate rebuttal experts and conduct any additional discovery it deemed necessary, thus further prejudicing defendant by the delay and increased expense of defending the litigation. Finally, this expert does not appear to be necessary to plaintiff's case. This is a simple premises liability case wherein plaintiff alleges that he was hit by a forklift driven by a Lanter Delivery Systems,

3

Inc. driver. Plaintiff's case may still proceed without the testimony of E.C. Daven. Accordingly, it is

      **ORDERED**

That the defendant's Motion to Strike the expert designation of E.C. Daven is GRANTED.

This, the 14th day of June, 2016.

                                               /s/ S. Allan Alexander
                                               UNITED STATES MAGISTRATE JUDGE